UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDGAR A. BEDOYA and : 
NORMA BEDOYA, H/W, :
    Plaintiffs :
 :
    v. : CASE NO. 1:16-CV-616
 :
ENES TUHCIC, ARIZONA :
TRANSPORTATION, LLC, :
and D&D EXPRESS, INC., :
    Defendants :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On January 5, 2017, Edgar A. Bedoya and Norma Bedoya ("Plaintiffs") filed a "Motion for Service by Publication and Service Upon Defendants' Insurer." (Doc. 5). In their motion, Plaintiffs aver that they attempted to serve Enes Tuhcic, Arizona Transportation, LLC, and D&D Express, Inc. ("Defendants") with process in prosecution of their complaint (Doc. 1). (Doc. 5 at 3). Plaintiffs, in the affidavit incorporated into their motion, assert that "[f]our attempts at personal service were made on Defendant Enes Tuhcic by a process server to no avail." (Doc. 5-1 at 2). Plaintiffs also attempted to serve Arizona Transportation, LLC and D&D Express, Inc. by sending each a copy of the complaint via first class mail and certified mail, return receipt requested. (*Id.*) The certified mail package addressed to Arizona Transportation, LLC was returned as "Return to Sender – Unclaimed." (*Id.*) Also, Plaintiffs have not received the signed return receipt card for the certified mail sent to D&D Express, Inc.; however, tracking information from

the U.S. Postal Service indicates that notice was left on May 2, 2016.  (Doc. 5-1 at 2).  Plaintiffs now move to serve Defendants by publishing a notice of their complaint in a local newspaper: *The Arizona Business Gazette*.  (Doc 5 at 7-8).

Additionally, Plaintiffs have provided a courtesy copy of the complaint to National Indemnity Company, which they aver is "Defendants' insurance company." (*Id.* at 7).  It is unclear from Plaintiffs' motion specifically which individuals or entities are insured by National Indemnity Company.  Plaintiffs further request permission to formally serve National Indemnity Company and to have that service deemed effective on each Defendant insured by or through the insurer.  (*Id.*)  For the following reasons, the court will deny Plaintiffs' motion.

## I.     Service by Alternative Means

Valid service is indispensable to a federal district court's personal jurisdiction over a defendant.  *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 484 (3d Cir. 1993).  Pursuant to Federal Rule of Civil Procedure 4(e)(1), service of process may be effected according to the law of the state in which the district court sits or where service is made.  Plaintiffs assert Defendants are located in Arizona and seek to serve Defendants there.  (Doc. 5 at 3).  Plaintiffs have only invoked the Arizona Rules of Civil Procedure, and, accordingly, the court will only consider Plaintiff's motion under those Rules.  (*Id.* at 3-4).

Arizona Rule of Civil Procedure 4.1(k) provides for alternative means of service. Specifically, the Rule states: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another

manner." ARIZ. R. CIV. P. 4.1(k)(1).  Service by publication is an alternative means of service.  *Id.* 4.1(k)(3).

Here, Plaintiffs seek to serve an individual, a corporation, and an unincorporated association.  In order to reach alternative service by publication, Plaintiffs must first show that the means of service provided by, in relevant part, Rules 4.1(c), (d), and (i), are impracticable.  *Id.* 4.1(k)(1).

Rule 4.1(c) covers requests for waiving service of process.  Pursuant to this Rule, Plaintiffs are permitted to request that Defendants waive service of a summons.  *Id.* 4.1(c).  However, it does not appear that Plaintiffs have requested waiver of service from Defendants.

Next, Rule 4.1(i), entitled "Serving a Corporation, Partnership, or Other Unincorporated Association," states:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

*Id.* 4.1(i).  Service on Defendants D&D Express, Inc. and Arizona Transportation, LLC may be accomplished pursuant to Rule 4.1(i).  *Id.*  According to Rule 4.1(i), only enumerated individuals associated with the corporation or association are capable of receiving service.  *Id.*  Delivering copies of the summons and pleadings to an unauthorized individual does not constitute effective service.  *See, e.g.*, *In re S&S Sales, Ltd.*, 2009 Bankr. LEXIS 4444, at *20–21 (Bankr. D. Ariz. 2009) (holding plaintiff improperly served defendant when copy

3

of summons and pleadings left with individual working at defendant's Scottsdale, Arizona office because that individual did not have authority to accept service).

Plaintiffs assert that they attempted to serve Defendants D&D Express, Inc. and Arizona Transportation, LLC by sending them a copy of the summons and complaint via first class and certified mail.  Rule 4.1(i) makes clear that mailing a copy of the summons and pleading is insufficient to accomplish service of process on a corporation or association; service is successfully accomplished in this context only when a copy of the summons and pleading is delivered to an authorized individual.  ARIZ. R. CIV. P. 4.1(i).  Therefore, Plaintiffs failed to satisfy the requirements of Rule 4.1(i).

Finally, Rule 4.1(d), entitled "Serving an Individual," states:

> Unless Rule 4.1(c), (e), (f), or (g) applies, an individual may be served by: (1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* 4.1(d).  Service on Defendant Tuhcic may be accomplished pursuant to Rule 4.1(d). *Id.*  According to their motion, Plaintiffs did attempt to serve Mr. Tuhcic pursuant to this Rule, but it is unclear whether Plaintiffs attempted service on Mr. Tuhcic at the address listed in the complaint, his workplace, or elsewhere.

Moreover, Plaintiffs have not demonstrated that serving Mr. Tuhcic pursuant to Rule 4.1(d) is impracticable.  In the context of service by publication in Arizona, "typically, a person seeking to utilize service by publication must demonstrate that personal service was either not practicable, because either the person's whereabouts in the state are currently unknown, or that person was actively avoiding attempts to achieve personal service."  *Ritchie v. Salvatore Gatto Partners, L.P.*, 222 P.3d 920, 923 (Ariz. Ct.

4

App. 2010).  Further, "[b]efore resorting to service by publication, a party must file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service."  *Sprang v. Petersen Lumber*, 798 P.2d 395, 399 (Ariz. Ct. App. 1990).

In Plaintiffs' supporting affidavit, they claim that they attempted to serve Mr. Tuhcic four times by process server without success.  The affidavit, however, fails to include facts describing where and when Plaintiffs' process server attempted to serve Mr. Tuhcic.  Plaintiffs likely attempted to serve Mr. Tuhcic at the address in the complaint alleged to be his residence; however, their affidavit is devoid of facts explaining how they know whether that address constitutes a current, or perhaps former, residence belonging to Mr. Tuhcic.  Without this information, it is impossible to determine if Mr. Tuhcic is actively avoiding personal service or why personal service is otherwise impracticable.

Because Plaintiffs have not attempted to obtain a waiver of service pursuant to Rule 4.1(c), and have failed to satisfy the requirements of Rules 4.1(d), 4.1(i), and 4.1(k) with respect to properly serving Defendants, Plaintiffs fail to qualify for service by alternative means under Arizona law.  Accordingly, Plaintiffs' motion to serve by publication must be denied.

## II.    Service Upon Defendants' Insurer

Plaintiffs also request that service on National Indemnity Company be deemed effective on Defendants because they are insured by National Indemnity Company.  Because Plaintiffs cite to no authority to support this request, it, too, will be denied.

5

ACCORDINGLY, this 8th day of February, 2017, it is ORDERED that:

(1) Plaintiffs' motion (Doc. 5) for alternative service by publication and service upon defendants' insurer is DENIED.

(2) In light of Federal Rule of Civil Procedure 4(m), Plaintiffs will have an additional forty-five (45) days from the date of this order in which to properly serve Defendants.  Accordingly, Plaintiffs shall serve Defendants pursuant to Federal Rule of Civil Procedure 4 on or before March 27, 2017.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge