UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR A. BEDOYA and<br>NORMA BEDOYA, H/W,<br>    Plaintiffs, | :<br>:<br>:<br>: |
| v. | : CASE NO. 1:16-CV-616 |
| ENES TUHCIC, ARIZONA<br>TRANSPORTATION, LLC,<br>and D&D EXPRESS, INC.,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.        Introduction*

Before this court is Plaintiffs Edgar A. Bedoya's and Norma Bedoya's "Motion for Special Order of the Court Permitting Service by Publication." (Doc. 8). For the reasons that follow, we will deny Plaintiffs' motion, but will grant a forty-five day extension of time for Plaintiffs to attempt to locate and serve Defendants Enes Tuhcic and Arizona Transportation, LLC.

*II.       Background*

On April 13, 2016, Plaintiffs filed a complaint in this court against Defendants Enes Tuhcic, Arizona Transportation, LLC, and D&D Express, Inc., alleging negligence claims that stem from an October 2014 motor-vehicle accident in Pennsylvania. (Doc. 1 at 3-7). On January 5, 2017, Plaintiffs filed a motion seeking an order to permit service of process by publication or by service upon Defendants' insurer. (Doc. 5). In that motion, Plaintiffs averred that they were unsuccessful in their initial attempts to personally serve Tuhcic by process server, and that they also unsuccessfully attempted to serve Arizona Transportation, LLC, and D&D Express, Inc., when they sent each Defendant a copy of

the complaint via first-class mail and certified mail, return receipt requested. (*Id.*) The mail addressed to Arizona Transportation, LLC, was returned as unclaimed, and Plaintiffs did not receive a signed receipt for the mail sent to D&D Express, Inc. (*Id.*) On February 8, 2017, we denied Plaintiffs' motion because they had not shown that service by other means under the Arizona Rules of Civil Procedure was impracticable, and had not presented any support for their request to serve Defendants' insurer. (Doc. 6 at 5-6). We then granted Plaintiffs an additional forty-five days to effect service. (*Id.* at 6).

Plaintiffs then undertook renewed efforts to serve Defendants, and, on February 20, 2017, Plaintiffs served D&D Express, Inc., by serving process on a dispatcher authorized to accept service for the corporation. (Doc. 8 at 2). Plaintiffs, however, continued to be unsuccessful in locating and serving the remaining Defendants, Enes Tuhcic and Arizona Transportation, LLC.[1] On March 20, 2017, Plaintiffs filed the instant motion again seeking to serve these Defendants pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(*l*) by publishing a notice in a local newspaper: *The Arizona Business Gazette.* (Doc. 8 at 3-4). In the instant motion, Plaintiffs detail their renewed efforts to serve Defendants, consisting of the following. (*Id.*)

After a records search of an Arizona Corporation Commission database in October 2016 that indicated that Tuhcic is the sole member of Arizona Transportation, LLC, and that Tuhcic resides at—and Arizona Transportation, LLC, has its principal place of business at—an apartment on North 32nd Drive in Phoenix, Arizona, Plaintiffs' process server unsuccessfully attempted service at the address on four occasions over a five-day period: Sunday, February 19, 2017, at 11:28 a.m. and 11:38 a.m., Monday, February 20,

---

[1] We refer to the Defendants left to be served, Tuhcic and Arizona Transportation, LLC, collectively as "Defendants" in this opinion because Tuhcic is the sole member of Arizona Transportation, LLC, and therefore service on Tuhcic constitutes service on Arizona Transportation, LLC.

2

2017, from 6:43 p.m. to 6:44 p.m., Tuesday, February 21, 2017, at 7:17 p.m., and Thursday, February 23, 2017, at 7:44 a.m. (Docs. 8-2 at 2-3, 8-3 at 2-4). During these attempts, there was no answer at the apartment after repeated knocks and ringing the doorbell, the blinds to the apartment were open but the apartment was dark and appeared vacant, and patio furniture that was previously present was apparently removed. (Doc. 8-2 at 2-3). The process server contacted neighbors, who "had no info," and a leasing manager, who advised that the apartment's lease was "valid until July 2017." (*Id.*) Plaintiffs also located Defendant Tuhcic's former sister-in-law at a different address through unspecified efforts. Despite acknowledging that service on Tuhcic's former sister-in-law would be improper, Plaintiffs nonetheless had their process server leave the complaint and summons at her address on March 20, 2017. (Doc. 8-1 at 4); (Doc. 11).

Based on these efforts, Plaintiffs again seek an order permitting service by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(*l*), contending, without citation to case law, that they "have attempted in good faith to effect service" on Defendants to no avail. (Doc. 9 at 2-3).

III.    *Discussion*

"Proper, effective service on a defendant is a prerequisite to a court's exercising personal jurisdiction over the defendant." *Barlage v. Valentine*, 110 P.3d 371, 373 (Ariz. Ct. App. 2005). "Consequently, a judgment would be void and subject to attack if the court that rendered it was without jurisdiction because of lack of proper service." *Koven v. Saberdyne Sys., Inc.*, 625 P.2d 907, 910 (Ariz. Ct. App. 1980). Accordingly, "[r]ules dealing with service of process . . . that allow acquisition of jurisdiction through [means] other than personal service must be strictly construed." *Llamas v. Superior Court*

3

*In & For Pima Cty.*, 474 P.2d 459, 460 (Ariz. Ct. App. 1970); *see also In re Adoption of Hernandez*, No. 1 CA-CV 11-0405, 2012 WL 1806493, at *2 (Ariz. Ct. App. May 17, 2012).

There is no specific Federal Rule of Civil Procedure that provides for service by publication. *See Black v. Dublin EMS, LLC*, No. 1:16-CV-1340, 2017 WL 1150661, at *2 (M.D. Pa. Mar. 28, 2017). Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Likewise, Federal Rule of Civil Procedure 4(h)(1)(A) provides that an unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Thus, pursuant to Federal Rules 4(e)(1) and 4(h)(1)(A), because Plaintiffs initiated this action in this court but seek to serve an individual and unincorporated association—Defendants Tuhcic and Arizona Transportation, LLC—in Arizona, they may serve Defendants in a permissible manner under either the Arizona or Pennsylvania Rules of Civil Procedure.

Here, Plaintiffs seek service by publication under Arizona Rule of Civil Procedure 4.1(*l*)(1), which provides that a party may serve by publication if:

(A) the last-known address of the person to be served is within Arizona but:

(i) the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address; or

(ii) the person to be served has intentionally avoided service of process; and

(B) service by publication is the best means practicable in the circumstances for providing the person with notice of the action's commencement.

4

Ariz. R. Civ. P. 4.1(*l*)(1). Arizona Rule 4.1(*l*) also provides that where "the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the pleading being served, postage prepaid." Ariz. R. Civ. P. 4.1(*l*)(3).

"In addition to satisfying the requirements of Rule 4.1(*l*), a plaintiff seeking service by publication must also satisfy the due process minimums articulated in [*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)]." *Master Fin., Inc. v. Woodburn*, 90 P.3d 1236, 1239 (Ariz. Ct. App. 2004), as amended (June 7, 2004). "Specifically, publication satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action." *Id.* Where due process is complied with, "service by publication is . . . sufficient when a plaintiff has exercised due diligence to personally serve a resident defendant at a last known address within the state and has complied with the publication procedures of [Rule 4.1]."[2] *Id.* at 1240.

However, "[b]efore resorting to service by publication, a party must file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service." *Sprang v. Petersen Lumber, Inc.*, 798 P.2d 395, 399 (Ariz. Ct. App. 1990). Where an affidavit "fails to indicate that due diligence was exercised to locate the defendant," then service by publication is not proper as a court is without jurisdiction to enter judgment. *Id.* at 400. In *Sprang,* for example, a development company, before selling a piece of property to a lumber company plaintiff, attempted to serve a defendant in an action to foreclose the defendant's right to redeem the property. *Id.* at 397-98. The development company unsuccessfully attempted mailing service to the

---

[2] S*ee* Ariz. R. Civ. P. 4.1(*l*)(2) to (4) (setting forth procedures in seeking service by publication).

defendant's post office box, an address listed in county tax records. *Id.* at 399. The company then requested the county sheriff to locate and serve the defendant. *Id.* The sheriff went to attempt personal service at the defendant's house, but the house appeared vacant. *Id.* The development company then proceeded to serve by publication, without further attempts at service. *Id.* A default judgment was entered against the defendant, but, after learning of the sale of the land, the defendant then successfully moved before the trial court to set aside the judgment for insufficient service of process. *Id.* at 398. In finding that the trial court properly set aside the default judgment, the Arizona Court of Appeals held that the development company "failed to show that it exercised due diligence to locate" the defendant. *Id.* The court noted that "[a] finding of due diligence prior to service by publication is a jurisdictional prerequisite" and elaborated that "[a] 'due diligent effort' requires such pointed measures as an examination of telephone company records, utility company records, and records maintained by the county treasurer, county recorder or similar record keepers." *Id.* at 399-400.

Here, similar to *Sprang*, we find that Plaintiffs have not demonstrated due diligence in attempting to locate and serve Defendants. In our prior order denying Plaintiffs' initial motion for service by publication, we noted that Plaintiffs' did not include specific facts describing their attempts at service and found that Plaintiffs had not shown that other means of service provided by the Arizona Rules of Civil Procedure were impracticable to allow for service by publication. (Doc. 6 at 4). In the instant motion, although Plaintiffs have now provided details of their limited attempts at personal service and have argued that other methods of service are impracticable, they provide no authority for why their present efforts are sufficient in showing due diligence to permit

service by publication.[3]  Remarkably, nowhere in Plaintiffs' motion or their limited briefing is the standard of due diligence even mentioned.  (*See* Docs. 8 & 9).

Rather, like the development company in *Sprang*, Plaintiffs here seek to serve by publication after unsuccessfully attempting personal service for four of five days at an apartment that appeared vacant.  Based on these efforts, and without further investigation into Defendants' whereabouts, Plaintiffs surmise that Defendants must still be residents of the apartment and must be "actively avoiding service."  (Doc. 8-1 at 5-6).  Despite locating and serving both Defendants' purported employer and former sister-in-law, and despite learning from a manager that the apartment's lease was valid until July 2017, Plaintiffs have apparently failed to follow up on these leads to attempt to locate and serve Defendants.  Plaintiffs have not looked further into publicly available information, nor do they appear to have taken any other "pointed measures" aimed at locating Defendants.  *Sprang*, 798 P.2d at 399; *Cf. HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 938–39 (D. Ariz. 2013) (finding service by publication appropriate where plaintiff unsuccessfully attempted service at defendant's last known address and several other addresses, hired a private investigator to locate defendant, conducted several internet searches and a "skip trace" to find defendant, and learned that defendant was "jumping from place to place").

Accordingly, we find that Plaintiffs have not shown "reasonably diligent efforts" aimed at ascertaining whether Defendants still reside at the apartment alleged to

---

[3] In contrast to Arizona Rule 4.1(*l*), Rule 4.1(k) provides that where "a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may . . . order that service may be accomplished in another manner," one of which is service by publication.  Ariz. R. Civ. P. 4.1(k)(3).  However, the impracticability standard of Arizona Rule 4.1(k) is a lesser standard than the "due diligence" required under Rule 4.1(*l*) for service by publication.  *See Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010) (noting that the requirements set forth in *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472-73 (E.D. Pa. 2006), "are more closely akin to the heightened 'due diligence' showing necessary for service by publication in Arizona").

be their last known address, and have not shown whether Defendants are "intentionally avoid[ing] service of process" if the apartment does constitute a current address. *See* Ariz. R. Civ. P. 4.1(*l*)(1)(A)(i)-(ii); *see also* Ariz. R. Civ. P. 4.1(*l*) cmt. (stressing that where a current address is known, service by publication "is only to be employed where it can be shown that that person is attempting to evade service"). Plaintiffs have neither shown "a complete inability to serve" Defendants due to Defendants' current address being unknown, nor have they shown that Defendants have "completely . . . avoided service of process." *See Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App. 2010); *see also Ritchie v. Salvatore Gatto Partners, L.P.*, 222 P.3d 920, 923 (Ariz. Ct. App. 2010). Without taking additional pointed measures to locate and serve Defendants, Plaintiffs have failed to demonstrate due diligence in accord with Arizona Rule 4.1(*l*) so as to permit service by publication. We will therefore deny Plaintiffs' motion for service by publication. However, given their good faith efforts to execute service, we find good cause to grant Plaintiffs an additional forty-five day extension of time to serve Defendants. *See* Fed. R. Civ. P. 4(m).

*IV.     Conclusion*

Because Plaintiffs have not yet demonstrated due diligence in locating or serving Defendants so as to permit service by publication under Arizona Rule 4.1(*l*), we will deny their motion (Doc. 8) for service by publication. Pursuant to Federal Rule of Civil Procedure 4(m), we will grant an additional forty-five (45) days for Plaintiffs to effect service. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge